IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SANDRA E. BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-3256-CV-S-RED |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Sandra Barnes ("Barnes") seeks judicial review of the Commissioner's denial of her request for continued supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*. Plaintiff has exhausted all of her administrative remedies, and therefore, pursuant to Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

## I. Background

The complete facts and arguments are presented in the parties' briefs and will be duplicated here only to the extent necessary. Additionally, the ALJ's decision within the administrative record fully sets forth his findings and as such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2000); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

The Social Security regulations provide a seven-step evaluation process for determinations of continuing disability. 20 C.F.R. § 416.994(b)(5) (2006). First, the ALJ must determine if the claimant has an impairment or impairments that meets or equals the severity of a listed impairment. Then, the ALJ must determine whether there has been any medical improvement and whether that medical improvement is related to the claimant's ability to work. If there is no medical improvement or the medical improvement is not related to the claimant's ability to work, a decision is made as to whether there are any applicable exceptions to the medical improvement standard. If there is a medical improvement related to the claimant's ability to work or there is an applicable exception, the ALJ must then determine whether all current impairments are severe. If the impairments are not considered severe, the claimant will

no longer be considered disabled. If the impairments are severe, the ALJ must then assess the claimant's current ability to do substantial gainful activity. The ALJ will consider the claimant's residual functional capacity and determine whether the claimant is able to do any past relevant work. If the claimant can do such work, the disability will be found to have ended. Finally, if the claimant is found to be unable to do past relevant work, the ALJ must consider whether there is any other work that can be performed given the claimant's assessed residual functional capacity. If there is such work, the disability will be found to have ended and benefits will cease.

### III. Analysis

Barnes identifies three points of error in the ALJ's decision to deny continued benefits. First, Barnes argues the ALJ committed reversible error in not demonstrating the requisite medical improvement necessary in continuing disability cases. Further, Barnes argues the ALJ erred by discounting her credibility without proper application of the credibility analysis factors set forth in Social Security Ruling 96-7p and *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). Finally, Barnes argues the ALJ's residual functional capacity ("RFC") finding is contrary to the substantial evidence of record at the time of the ALJ's decision and as supplemented on appeal. The Court will consider each argument in turn.

#### A. Finding of Medical Improvement

Barnes first argues that the finding of medical improvement is not supported by substantial evidence. Specifically, Barnes claims the reports of her doctor, Dr. John Tabb, indicate she still suffered from anxiety after September 1, 2003, the date which the Social Security Administration determined she was no longer disabled. Additionally, Barnes contends the January 2006 assessment of Dr. Tabb and the January 2006 psychological evaluation

-3-

completed by Dr. Sandy Bowers support a finding of continued disability.

Medical improvement is defined as any decrease in the medical severity of a claimant's impairments that were present at the time of the most recent favorable medical decision that determined the claimant was disabled or continued to be disabled. *See* 20 C.F.R. § 416.994(b)(1)(i). To determine if there has been a medical improvement, a comparison is made "of prior and current medical evidence which must show that there have been changes (improvement) in the symptoms, signs or laboratory findings associated with that impairment(s)." *Id.* § 416.994(b)(2)(I).

On May 15, 2001, ALJ Arthur Stephenson determined Barnes had an anxiety disorder under Listing 12.06 (Tr. 87). In support of this decision, the ALJ relied on information from Dr. Venkatabalaji, a psychiatrist whom Barnes had seen several times in 2002. The more recent decision by ALJ David Fromme noted that Barnes had not seen Dr. Venkatabalaji since March of 2003 and had not subsequently received treatment from any mental health specialist (Tr. 17-18). Moreover, the ALJ noted that Dr. Tabb reported her mental impairments were improved with medication. In addition, the ALJ acknowledged the evaluations of state agency psychological consultants who opined that Barnes did not have a severe mental impairment. Taking this information together, the ALJ concluded Barnes's mental impairment no longer meets or equals the requirements of Listing 12.06 and thus medical improvement had occurred. The Court is satisfied that substantial evidence of the record supports the determination of the ALJ.

With respect to the 2006 assessment and evaluation which were included in the record on appeal, "[t]o be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied." *Woolf v. Shalala*, 3

-4-

completed by Dr. Sandy Bowers support a finding of continued disability.

Medical improvement is defined as any decrease in the medical severity of a claimant's impairments that were present at the time of the most recent favorable medical decision that determined the claimant was disabled or continued to be disabled. *See* 20 C.F.R. § 416.994(b)(1)(i). To determine if there has been a medical improvement, a comparison is made "of prior and current medical evidence which must show that there have been changes (improvement) in the symptoms, signs or laboratory findings associated with that impairment(s)." *Id.* § 416.994(b)(2)(I).

On May 15, 2001, ALJ Arthur Stephenson determined Barnes had an anxiety disorder under Listing 12.06 (Tr. 87). In support of this decision, the ALJ relied on information from Dr. Venkatabalaji, a psychiatrist whom Barnes had seen several times in 2002. The more recent decision by ALJ David Fromme noted that Barnes had not seen Dr. Venkatabalaji since March of 2003 and had not subsequently received treatment from any mental health specialist (Tr. 17-18). Moreover, the ALJ noted that Dr. Tabb reported her mental impairments were improved with medication. In addition, the ALJ acknowledged the evaluations of state agency psychological consultants who opined that Barnes did not have a severe mental impairment. Taking this information together, the ALJ concluded Barnes's mental impairment no longer meets or equals the requirements of Listing 12.06 and thus medical improvement had occurred. The Court is satisfied that substantial evidence of the record supports the determination of the ALJ.

With respect to the 2006 assessment and evaluation which were included in the record on appeal, "[t]o be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied." *Woolf v. Shalala*, 3

F.3d 1210, 1215 (8th Cir. 1993). Here, the assessment and evaluation were completed well after Barnes was determined to be no longer disabled. Thus, the evidence was not material and need not have been considered on appeal.

B. Assessing Credibility

Barnes next argues the ALJ erroneously failed to give proper weight to her testimony. In particular, Barnes contends the ALJ did not apply the factors mandated by *Polaski v. Heckler* and Social Security Ruling 96-7p.

The burden of deciding questions of fact, including the credibility of a plaintiff's subjective testimony, rests with the Commissioner. *See Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987). Generally, the ALJ is in a better position than the Court to determine credibility. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996). As such, if an ALJ discredits a claimant's testimony and gives good reasons for doing so, the Court will normally defer to the ALJ's credibility determination. *See Russell v. Sullivan*, 950 F.2d 542, 545 (8th Cir. 1991) (quoting *Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990)). As stated in Social Security Ruling 96-7p:

> Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.

61 Fed. Reg. 34,383, 34,484 (July 2, 1996). Thus, when making a disability determination, the ALJ may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them; however, the ALJ may discount the complaints by considering the claimant's prior work record and observations by third parties and physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and

intensity of the subjective infirmity; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). Subjective complaints may be discredited only if there are inconsistencies in the record as a whole. *Id.*

In this case, the ALJ discounted Barnes's credibility due to her reported daily activities, including shopping, maintaining her household, and attending college classes as a degree candidate; the reports of her mental impairments as improved or well-controlled by medication; and her limited work history (Tr. 21). Reviewing the ALJ's decision and the evidence on the record, the Court concludes the ALJ did not err in his assessment of Barnes's credibility.

### C. ALJ's RFC Finding Weight Accorded Treating Physician

Finally, Barnes argues the residual functional capacity assessment adopted by the ALJ is inconsistent and contrary to the evidence of the record as a whole. Barnes contends the residual functional capacity assessment distorts the findings of her primary care physician and ignores pertinent reports of examining physicians which concluded she suffered from fibromyalgia and a panic anxiety disorder. Barnes further argues the ALJ "cherry-picked" certain portions of Dr. Tabb's reports to bolster the ALJ's decision while disregarding other portions of Dr. Tabb's reports (Pl.'s Br. 23).

Although opinions of treating physicians are entitled to controlling weight, such opinions are not conclusive and "must be well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(d)(2) (2006). An ALJ is warranted in discrediting a treating physician's opinion if it is inconsistent with or contradicted by other evidence in the record. *Weber v. Apfel*, 164 F.3d 431, 432 (8th Cir. 1999). According to Social Security Ruling 96-2p,

"a finding that a treating source medical opinion is not well-supported . . . means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927." 61 Fed. Reg. 34,490, 34,491 (July 2, 1996). Relevant among the factors listed in 20 C.F.R. 416.927 are the supportability of the opinion and the consistency of the opinion with the record on a whole. *See* 20 C.F.R. § 416.927(d)(3), (4).

Here, the ALJ noted that Dr. Tabb had indicated Barnes was disabled due to her condition, yet Dr. Tabb's own records from October 2003 indicate Barnes was be able to perform limited work and should lift no more than 20 pounds while a mild back strain healed (Tr. 22). This inconsistency led the ALJ to conclude that Dr. Tabb's opinion "appears to be based solely on the claimant's subjective complaints regarding her symptoms" (Tr. 22). Reviewing the evidence of the record, the Court finds the ALJ did not err in discrediting the opinion of Dr. Tabb.[2] Consequently, the Court concludes the residual functional capacity assessment adopted by the ALJ is supported by substantial evidence in the record.

## IV. Conclusion

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings in this case. Accordingly, it is hereby ORDERED that the decision of the ALJ is **AFFIRMED.**

**IT IS SO ORDERED**.

DATE: August 2, 2007    */s/ Richard E. Dorr*
                 RICHARD E. DORR, JUDGE
                 UNITED STATES DISTRICT COURT

---

[2] And as discussed above, because the 2006 assessment from Dr. Tabb did not relate to Barnes's medical condition at the time benefits were denied, this document is not material to the Commissioner's determination.